# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> LUIS JAVIER AGUDELO GUERRERO and : <br> JAIRO DE JESUS RESTREPO ACOSTA : | **CRIMINAL COMPLAINT** <br><br> Mag. No. 22-8028 |

I, Michael K. Leung, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the United States Department of Homeland Security – Homeland Security Investigations, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

*Michael K. Leung*
Michael K. Leung, Special Agent
Homeland Security Investigations

SA Leung attested to this Complaint
by telephone pursuant to FRCP 4.1(b)(2)(A)
on January 13, 2022 in the District of New Jersey

s/ Jessica S. Allen
HONORABLE JESSICA S. ALLEN
UNITED STATES MAGISTRATE JUDGE

1

**ATTACHMENT A**

**COUNT ONE**
**(Drug Conspiracy)**

On or about January 12, 2022, in Ocean County, in the District of New Jersey and elsewhere, the defendants,

LUIS JAVIER AGUDELO GUERRERO, and
JAIRO DE JESUS RESTREPO ACOSTA,

did knowingly and intentionally conspire and agree with each other and others to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

## COUNT TWO
### (Possession with Intent to Distribute Cocaine)

On or about January 12, 2022, in Ocean County, in the District of New Jersey and elsewhere, the defendants,

LUIS JAVIER AGUDELO GUERRERO, and
JAIRO DE JESUS RESTREPO ACOSTA,

did knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## ATTACHMENT B

I, Michael K. Leung, am a Special Agent with the United States Department of Homeland Security – Homeland Security Investigations. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Law enforcement is investigating a drug trafficking organization ("DTO") operating in Venezuela, Colombia, the District of New Jersey, and elsewhere.

2. In or around early January 2022, a member of the DTO ("CC-1") was put in touch with an undercover law enforcement officer (the "UC"), who was posing as a narcotics trafficker. CC-1 told the UC that he could sell the UC kilogram quantities of cocaine. CC-1 explained that after he and the UC agreed on the terms of the transaction, he would give the UC a passcode and direct the UC to a location in or around Toms River, New Jersey, where the UC would meet another member of the DTO and provide that person with the passcode. CC-1 further explained that his co-conspirator would then direct the UC to another location, where the transaction would be conducted.

3. On or about January 12, 2022, after CC-1 had agreed to sell the UC approximately one kilogram of cocaine for $32,000, CC-1 directed the UC to travel to a convenience store in Toms River, New Jersey (the "Meeting Location") to conduct the transaction. The UC called CC-1 upon his/her arrival. Defendant LUIS ADUDELO GUERRERO ("AGUDELO GUERRERO") then approached the UC, who gave AGUDELO GUERRERO the passcode. AGUDELO GUERRERO next directed the UC to a nearby parking lot (the "Parking Lot").

4. Once in the Parking Lot, AGUDELO GUERRERO approached a car (the "Car"). Defendant JAIRO DE JESUS RESTREPO ACOSTA ("RESTREPO ACOSTA") was in the driver's seat of the Car. AGUDELO GUERRERO retrieved a white and blue bag (the "Bag") from the Car and then approached the UC's vehicle. AGUDELO GUERRERO removed from the Bag a shoebox containing a white brick of a powdery substance that he told the UC contained approximately one kilogram of cocaine. The UC declined to proceed with the narcotics transaction.

5.      AGUDELO GUERRERO returned to the Car with the Bag. RESTRPO ACOSTA drove the Car to a residence in or around Toms River, New Jersey (the "Residence").   AGUDELO GUERRERO and RESTRPO ACOSTA went into the Residence empty-handed.   Shortly thereafter, RESTRPO ACOSTA came outside and moved the Car closer to the Residence.   AGUDELO GUERRERO then came out to the Car, retrieved the Bag, and took it inside the Residence.

6.      RESTREPO ACOSTA then drove the Car away.   Law enforcement conducted a lawful motor vehicle stop of the Car.   A certified narcotics canine examined the Car and alerted positive for the presence of narcotics inside the Car.   Although no narcotics were recovered from the Car, when law enforcement asked RESTRPO ACOSTA about where he was coming from, he provided a response that law enforcement determined, based on the investigation to date, was false.

7.      On or about the evening of January 12, 2022, law enforcement executed a judicially authorized search warrant of the Residence.   When law enforcement executed the search warrant, they found AGUDELO GUERRERO within the Residence.   During the search, law enforcement found the Bag in the family room of the Residence.   The Bag contained approximately one kilogram of a white powdery substance that field tested positive for the presence of cocaine. Law enforcement found, hidden inside a pot in the kitchen, another kilogram of a white powdery substance that also field tested positive for the presence of cocaine.   In a pantry area in the kitchen, law enforcement also found another kilogram of suspected cocaine as well as baggies, scales, and a ledger, which based on my training, experience, and the investigation to date, were likely utilized in furtherance of drug trafficking activity.

8.      In a bedroom located in the rear of the Residence, law enforcement found two kilograms of suspected cocaine placed inside a shoebox that had been hidden in the middle of a laundry basket, amid clothing.[1]   Law enforcement also found a drug ledger and drug-related paraphernalia in this room.   Based on a review of the room's contents, such as passports and prescription medicine, it appears that this bedroom belongs to RESTREPO ACOSTA.   Law enforcement has also learned that RESTREPO ACOSTA received mail addressed to him at the Residence and paid its utility bills.   In a separate bedroom, which law enforcement determined belongs to AGUDELO GUERRERO, law enforcement found another drug ledger.

9.      AGUDELO GUERRERO was arrested and advised of his rights pursuant to <u>Miranda</u>, which he agreed to waive.   AGUDELO GUERRERO

---

[1] Altogether, law enforcement found approximately five kilograms of suspected cocaine in the Residence.

5

subsequently admitted that he was engaged in narcotics trafficking and that he was attempting to sell the controlled substances seized from the Residence.